CLARE E. CONNORS   #7936
United States Attorney
District of Hawaii

MICHAEL NAMMAR
MARK A. INCIONG    CA BAR #163443
W. KEAUPUNI AKINA
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:   (808) 541-2958
Emails:       Michael.Nammar@usdoj.gov
              Mark.Inciong@usdoj.gov
              KeAupuni.Akina@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 19 2023

at 11 o'clock and 35 min. a M
Lucy H. Carrillo, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 23-00080 DKW |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT |
| vs. | DATE:   October 19, 2023 |
| DAE HAN MOON,<br>aka "Dayday," | TIME:   10:00 a.m.<br>JUDGE: Hon. Derrick K. Watson |
| Defendant. | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, DAE HAN MOON, and his attorney, MATTHEW MANNISTO, Esq., have agreed upon the following:

## THE CHARGES

1. The defendant acknowledges that he has been charged in the Information with violating Title 18, United States Code, Sections 1958 and 924(c)(1)(A)(i). The defendant also acknowledges that in *United States v. Miske et al.*, Cr. No. 19-00099 DKW, he has been charged in the Third Superseding Indictment with violating Title 18, United States Code, Sections 1958, 1962(d); and Title 21, United States Code, Sections 846, 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D).

2. The defendant has read the charges against him contained in the Information and the Third Superseding Indictment, and those charges have been fully explained to him by his attorney.

3. The defendant fully understands the nature and elements of the crimes with which he has been charged.

## THE AGREEMENT

4. The defendant agrees to waive indictment and enter a voluntary plea of guilty to Counts 1 and 2 of the Information, which charge him with murder-for-hire-conspiracy (Count 1) and carrying a firearm during and in relation to a drug

2

trafficking crime (Count 2). The defendant is aware that he has the right to have this felony asserted against him by way of grand jury indictment. The defendant hereby waives this right and consents that this offense may be charged against him by way of the Information. In return, the government agrees to move to dismiss Counts 1, 7, and 16 of the Third Superseding Indictment as to the defendant after sentencing. The government also agrees to be bound by the stipulations set forth in paragraph 10 of this Agreement.

5. The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The defendant enters these pleas because he is, in fact, guilty of participating in a murder-for-hire conspiracy, in violation of Title 18, United States Code, Section 1958, and carrying a firearm during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), as charged in the Information, and he agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7. The defendant understands that the penalties for the offenses to which he is pleading guilty include:

3

a. As to Count 1, a term of imprisonment of up to 10 years; a fine of up to $250,000; plus a term of supervised release of at least one year but not more than 3 years.

b. As to Count 2, a term of imprisonment of not less than five years and up to life, to run consecutive to any sentence on any other counts, and a fine of up to $250,000, plus a term of supervised release up to 3 years.

c. In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty. The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

## FACTUAL STIPULATIONS

8. The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which the defendant is pleading guilty:

a. **Murder for Hire Conspiracy**

4

In or around 2016, DAE HAN MOON joined a murder-for-hire conspiracy in which Victim-1 was the target. Michael Miske put the murder contract on Victim-1 because Miske believed Victim-1 had cooperated with law enforcement and provided information about Miske. Miske asked to meet with Jacob L.L. Smith and Lance L. Bermudez at the Kamehameha Shopping Center in the Kalihi area of Oahu. During the meeting, Miske expressed his interest in having Victim-1 killed for $60,000. Bermudez agreed to take the job.

Bermudez then enlisted MOON to assist in the murder and, on multiple occasions, Bermudez and MOON traveled to Waimanalo and laid in wait outside Victim-1's home in the early morning hours waiting for Victim-1 to come outside. Bermudez and MOON were armed with firearms and were prepared to shoot and kill Victim-1 once he left the residence. However, Victim-1 never came outside while they were present. Bermudez was eventually called off and thereafter Bermudez and MOON made no further attempts to commit the murder.

b. **Firearm Offense**

On December 5, 2016, MOON was in possession of methamphetamine and cocaine that MOON planned on distributing to others. On that date, MOON was encountered by officers with the Honolulu Police Department (HPD) while driving a stolen Toyota 4Runner. In the stolen 4Runner, MOON had a loaded

5

firearm, a .40 caliber Beretta handgun bearing serial number 002573, and what a chemist determined to be 28.107 grams of cocaine and 460.948 grams of methamphetamine. When HPD officers approached MOON, MOON attempted to flee, but after a short foot chase, was apprehended by officers. At the time of his encounter with the officers, MOON knew that the substances he possessed, with the intent to distribute, were cocaine and methamphetamine. MOON also knew that he was carrying the .40 caliber Beretta handgun in connection with his possession of distributable amounts of cocaine and methamphetamine.

9. Pursuant to Section 6B1.2 of the Sentencing Guidelines, the parties agree that the charges to which the defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10. Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

    a. At sentencing, the government agrees that it will recommend a total sentence that is not more than 15 years of imprisonment. The defendant

6

understands that the government's recommendation is not binding on the Court and the Court will be free to sentence the defendant to more or less than 15 years of imprisonment.

      b.     On the issue of running the defendant's federal sentence concurrent or consecutive to his State of Hawaii sentences for murder, place to keep, and unauthorized control of a propelled vehicle, the government agrees that at sentencing that it will defer to the Court on whether his federal sentence in this case should be served consecutive or concurrent to his State of Hawaii sentences. The defendant understands that the Court may order his federal sentence to be served consecutive to his State of Hawaii sentences.

      c.     As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

7

      d.    The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

    11.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12.     The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13.     The defendant is aware that he has the right to appeal his conviction and the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution or forfeiture order imposed, or the manner in which the sentence, restitution, or forfeiture order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

a.      The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

  b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

  c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14. In connection with the collection of restitution or other financial obligations that may be imposed upon him, the defendant agrees as follows:

  a. The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party. The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement. To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United

States Attorney's Office. The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case. The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office. The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

   b. The defendant expressly authorizes the United States Attorney's Office to obtain his credit report. The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

11

   c. Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## IMPOSITION OF SENTENCE

15. The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

16. The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

17. The defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

13

  c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

  d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

  e. At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

18. The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

19. If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes

14

a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The _only_ exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

20. The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21. To become effective, this Agreement must be signed by all signatories listed below.

22. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

AGREED:

_____  Dated: 10/17/23
LAWRENCE TONG
First Assistant U.S. Attorney
District of Hawaii

_____  Dated: 10-17-23
MICHAEL NAMMAR
MARK A. INCIONG
W. KEAUPUNI AKINA
Assistant U.S. Attorneys

_____  Dated: 10/16/23
DAE HAN MOON
Defendant

_____  Dated: 10/17/2023
MATTHEW MANNISTO
Attorney for Defendant

16